UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRACEY MATTHEW,

                              Plaintiff,

            - against -

JPMORGAN CHASE BANK, N.A., JOHN WOLF,
ANNA KANG,

                              Defendant.

Civ. Action No. 17-cv-3594
(RRM) (ST)

**DEFENDANT JPMORGAN CHASE BANK, N.A.'s
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

EPSTEIN BECKER & GREEN, P.C.
Jeremy M. Brown, Esq.
Shira M. Blank, Esq.
250 Park Avenue
New York, New York 10177-1211
Tel: (212) 351-4500
jmbrown@ebglaw.com
sblank@ebglaw.com
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

Firm:48862189v3

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT .............................................................................................................. 1

I.   PLAINTIFF ABANDONED HER FLSA, GENDER AND  RACE
     DISCRIMINATION AND RETALIATION CLAIMS........................................... 1

II.  PLAINTIFF'S NATIONAL ORIGIN AND DISABILITY
     DISCRIMINATION AND RETALIATION CLAIMS SHOULD BE
     DISMISSED. ...................................................................................................... 2

     A.   Plaintiff's National Origin Discrimination Claim Fails. ................................. 3

     B.   Plaintiff's Disability Discrimination and Retaliation Claims Fail. .................. 4

     C.   Plaintiff Cannot Demonstrate Pretext........................................................... 6

CONCLUSION.......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bickerstaff v. Vassar Coll.*,
    196 F.3d 435 (2d Cir. 1999)................................................................................3

*Hayes v. Cty. of Sullivan*,
    853 F. Supp. 2d 400 (S.D.N.Y. 2012).................................................................2

*Jackson v. Fed. Express*,
    766 F.3d 189 (2d Cir. 2014)................................................................................2

*Kennedy v. City of New York*,
    370 Fed. App'x. 83 (2d Circ. 2014)...................................................................3

*Slattery v. Swiss Reinsurance Am. Corp.*,
    248 F.3d 87 (2d Cir. 2001)..................................................................................6

*Thorner-Green v. N.Y.C. Dep't of Corrs.*,
    207 F. Supp. 2d 11 (E.D.N.Y. 2002) ................................................................4

## PRELIMINARY STATEMENT

*Pro se* Plaintiff Tracey Matthew's opposition to Chase's motion to dismiss does not address Chase's legal arguments that (i) the FLSA claim is barred; (ii) the newly added race and gender discrimination and retaliation claims, which were never filed with the NYSDHR or EEOC (nor part of the NYSDHR trial), are time barred; (iii) she fails to plead any facts to support her race and gender discrimination and retaliation claims; (iv) and, alternatively, that summary judgment should be granted dismissing these same claims.

Additionally, Plaintiff's remaining national origin and disability discrimination and retaliation claims both fail to state a claim and should be dismissed as a matter of law. Plaintiff's attempt to insert additional "facts" in her opposition papers does not correct the deficiencies identified by the Court in dismissing the original Complaint. Plaintiff is nevertheless unable to point to any record testimony or documentation, even within her newly added "facts," to rebut Chase's legitimate non-discriminatory reasons for terminating her employment. Indeed, Plaintiff's opposition consists solely of her restating claims already litigated and rejected by the NYSDHR, and that are contradicted by her own sworn trial testimony. For the reasons set out below, as well as Chase's moving brief, the Amended Complaint should be dismissed in its entirety, with prejudice.

## ARGUMENT

### I.  PLAINTIFF ABANDONED HER FLSA, GENDER AND RACE DISCRIMINATION AND RETALIATION CLAIMS.

Plaintiff's opposition fails to address her FLSA, gender and race discrimination, and retaliation claims. Although Plaintiff's opposition contains lengthy, individualized responses to some of Chase's arguments in its moving brief, nowhere in her opposition does she address Chase's arguments that: (i) she fails to plead any facts to support a violation of the FLSA, and her

FLSA claim is barred by the applicable statute of limitations (Def. Mem. at Point I);[1] (ii) her race

and gender, and retaliation claims are barred by her failure to exhaust administrative remedies, and

they are further barred by the statute of limitations as they arose over six years ago (Def. Mem at

Point II); (iii) she fails to plead any facts to support her gender and race discrimination, and

retaliation claims (Def. Mem. at 15); or (iv) summary judgment is warranted as to those claims

(Def. Mem. at 20).  Therefore, these claims should be deemed abandoned. *See Jackson v. Fed.*

*Express*, 766 F.3d 189, 195 (2d Cir. 2014) ("partial response arguing that summary judgment

should be denied as to some claims while not mentioning others may be deemed an abandonment

of the unmentioned claims"); *Hayes v. Cty. of Sullivan,* 853 F. Supp. 2d 400 (S.D.N.Y. 2012) (*pro*

*se* plaintiff abandoned his claim where he did not address it in his affidavits in response to

defendant's summary judgment motion).

    In addition, these claims independently fail for the reasons set forth in Chase's moving

papers.  For all these reasons, they should be dismissed in their entirety, with prejudice.[2]

## II.    PLAINTIFF'S NATIONAL ORIGIN AND DISABILITY DISCRIMINATION AND RETALIATION CLAIMS SHOULD BE DISMISSED.

    Plaintiff fails to state a *prima facie* claim for disability discrimination or retaliation under

the ADA, or for national origin discrimination under Title VII.  Additionally, as set forth in Chase's

moving papers, Plaintiff already litigated her national origin and disability discrimination claims

at a three-day trial before an ALJ where she was represented by counsel on each day of the

hearing.[3]  Based in large part on Plaintiff's own sworn trial testimony, she is now unable to

---

[1] Chase refers to the defined terms set forth in its moving papers ("Def. Mem.") and cites to the exhibits submitted along with them.  Plaintiff's Affidavit in Opposition is cited as ("Pl. Opp.")

[2] In the event Plaintiff's disability discrimination claim could also be construed as a retaliation claim – despite the fact that record evidence demonstrates that her termination had nothing to do with any alleged disability – Chase addresses a potential retaliation claim below.

[3] Though she falsely claims in the Amended Complaint that she was "without representation" during this process, (Am. Compl. at 10), the record demonstrates that Plaintiff was represented by private counsel and subsequently represented by Lisa Peters-Plummer, a Senior Attorney at the NYSDHR. (*See e.g. Parbhoo Tr., 599:17*).

demonstrate that Chase discriminated or retaliated against her, and as such, those claims also fail as a matter of law.  Moreover, since she is unable to rebut the incontrovertible evidence supporting Chase's decisions to discipline and discharge her, she cannot demonstrate pretext.

### A.    Plaintiff's National Origin Discrimination Claim Fails.

Plaintiff now claims for the first time that her Regional Manager, John Wolf, told her in "every single conversation" that "he could not understand [her] because of [her] Trinidadian accent."  (Pl. Opp. at ¶ 24).  This directly contradicts her sworn testimony, but, in any event, is insufficient to support a claim.[4]  Indeed, at trial, Plaintiff testified that Wolf never made any anti-Trinidadian remarks to her, and that **he never mentioned her accent.**  Rather, he "would ask [Plaintiff] to repeat [her]self".  (*Matthew Tr. 204:21*).  Plaintiff further testified that Wolf frequently would just want to hear the "bottom line" from her, and get a direct answer to his questions.  (*Matthew Tr. 205:13-16*).  This apparently frustrated Plaintiff, but it was not unlawful. Even if Wolf did ask Plaintiff to repeat herself because he did not understand her, which he denied, this would be insufficient to support a discrimination claim.  (*See* Def. Mem. at 20).[5]  Plaintiff simply has not pled facts that could support a claim of national origin discrimination, nor can she show that any adverse employment actions were taken "under circumstances giving rise to an inference of unlawful discrimination."  (April Order at 3).

---

[4] Plaintiff's attempts to "correct" the record by changing her sworn testimony.  She also repeats allegations in her NYSDHR Complaint, despite the fact that, at trial, she disavowed under oath much of the NYSDHR Complaint. Plaintiff's affidavit, therefore, is improper, and should not be considered by the Court. If Plaintiff "could raise an issue of fact simply by submitting an affidavit contradicting [her] [] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Kennedy v. City of New York,* 370 Fed. App'x. 83, 84-85 (2d Circ. 2014) (citations and quotations omitted); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 455 (2d Cir. 1999) ("party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts the affiant's previous deposition testimony") (citations omitted).
[5] Additionally, Plaintiff's reference to *Senegal v. JPMorgan*, in which the plaintiffs asserted that African American or black financial advisors, financial advisor associates, senior financial advisors and private client advisors were discriminated against based on their race is inapposite. Plaintiff did not hold any of these positions, and Chase promoted Plaintiff – as she acknowledges in Paragraph 4 of her opposition.

For these reasons, as well as those set forth in Chase's moving papers, Plaintiff's claims for national origin discrimination should be dismissed, both for failure to state a claim and as a matter of law.

**B.      Plaintiff's Disability Discrimination and Retaliation Claims Fail.**

Plaintiff's opposition relating to her disability discrimination claims consists solely of her recycling claims originally asserted in her NYSDHR Complaint – which she subsequently testified at trial were inaccurate, and which, notwithstanding, do not correct her pleading deficiencies.

Plaintiff continues to assert that simply because she was diagnosed with a medical condition, she is able to state a claim for disability discrimination. Even if Plaintiff advised Wolf that she had an unspecified medical condition in March 2013, as she now claims, she has provided no evidence demonstrating that she was "otherwise qualified to perform the essential functions of her job, with or without an accommodation." (Pl. Opp. at ¶¶ 32, 33) (*compare* to April Order at 4). Plaintiff does not allege that she ever asked Wolf or Chase for a reasonable accommodation (because she did not). The case law is clear that Chase and Wolf were not required to provide an accommodation that was never requested. *Thorner-Green v. N.Y.C. Dep't of Corrs.*, 207 F. Supp. 2d 11, 14-15 (E.D.N.Y. 2002) ("[a]n employee cannot hold an employer liable for failing to provide an accommodation that the employee has not requested").

Further, in her opposition, Plaintiff asserts that she was diagnosed with hypertension in January 2013, at the same time that ABM Regina Harris went on leave, that she requested additional staffing, and told Wolf that "short staffing was having [an effect] on [her] health." (Pl. Opp. ¶¶ 9-12). All of these claims are false, and are contradicted by Plaintiff's own sworn testimony. As an initial matter, Plaintiff testified at trial that she was consistently provided with ABM coverage after her ABM went on leave. (*Matthew Tr. 192:4-6; 193:20-25, 194:11-13; 269:18-23*). Moreover, she now concedes that Chase provided coverage when she left the bank

4

for "training." (Pl. Opp. ¶ 35). Notwithstanding, Plaintiff did not discuss her hypertension diagnosis with Wolf in January 2013 – as she was not diagnosed with hypertension in January 2013; at trial, Plaintiff conceded that this allegation in her verified NYSDHR Complaint was "not accurate." (*Matthew Tr. 154: 13-14*).   In reality, Plaintiff went to see her doctor before Harris went on maternity leave, (*id.* at *156: 5-6*), and her "chief complaint" at that appointment had nothing to do with hypertension; rather, Plaintiff complained that she was tired. (*Id.* at *156: 20-22*). Additionally, Plaintiff's medical records from January 17, 2013 reflect that she had not taken her hypertension medications "for months." (*Id.* at *157:18*).   Contrary to what she now alleges, Plaintiff admitted at trial that she did not actually "have any migraines at that time," and she did not complain to her doctor about "neck pain." (*Id.* at *160: 24-25; 161:14*) (*compare* to Pl. Opp. ¶ 10).

Plaintiff's claim that "[i]n or about March 2013," her "physician insisted that [she] limit [her] activities and request leave," is similarly unsupported.  Even if Plaintiff's physician did tell Plaintiff to limit her activities – of which there is no record evidence – Plaintiff did not convey this information to Wolf, and at no point did Plaintiff contact Human Resources or anyone else at Chase to request an accommodation of any kind. (*Matthew Tr. 186:13–187:19; Wolf Tr. 472:6-8*).  Accordingly, Plaintiff cannot demonstrate that Chase or Wolf denied any accommodation request as she never made one.

The record also demonstrates that Plaintiff's deficient performance was the *only* factor considered in the termination of her employment.  Plaintiff was not qualified for her position, as demonstrated by the two written warnings, her unsatisfactory performance evaluation, and her branch being placed on Early Warning followed by Parbhoo's discovery of continuing operational issues that Plaintiff had failed to correct – all in less than a year.

5

Moreover, the fact that the decision to discharge Plaintiff occurred **before** she called out sick because of her hypertension directly undercuts any causal connection between her termination and her alleged disability. *See Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 95 (2d Cir. 2001) (Def. Mem. at 19). It is undisputed that: Wolf conferred with Human Resources regarding his request to discharge Plaintiff on May 24, 2013 – well over one month before Plaintiff called out sick (Ex. L); he drafted the "Recommendation For Termination" on June 20, 2013 – weeks before Plaintiff called out sick; and the termination received final approval on July 2, 2013, the day before Plaintiff called out sick. (Exs. M, P, Q). Plaintiff simply cannot overcome the uncontradicted contemporaneous documentation of the ongoing performance issues that led to her termination.

For these reasons, as well as those set forth in Chase's moving papers, Plaintiff's claims for disability discrimination and retaliation should be dismissed.

**C.     Plaintiff Cannot Demonstrate Pretext.**

Even if Plaintiff had stated a *prima facie* case for discrimination or retaliation (she did not), she is unable to show that the well-documented performance deficiencies Chase identified as the basis for her termination were actually pretext for some unlawful motive. As described above, these performance issues included two written warnings, an unsatisfactory performance evaluation, her branch's placement on Early Warning and her continued, repeated violations of branch policies and controls thereafter, all in less than a year.

For the first time, Plaintiff contests the July[6] and October Written Warnings in her Opposition. This is unavailing, as she is now seven years removed from these actions and outside

---

[6] Plaintiff admits that she engaged in the violations underlying the July Written Warning but now claims that her manager's "policy was never to say no to the customer." (Pl. Opp. at ¶ 37). Obviously, Chase would never permit an employee to grant a customer's request where the request violates the law and/or financial control procedures, even at risk of saying "no to the customer," and to suggest otherwise is patently absurd. Additionally, to the extent that

the statute of limitations. Additionally, Plaintiff testified at trial that she did not believe that the July Written Warning was discriminatory, and she acknowledged that the conduct underlying the October Written Warning constituted a serious policy violation. Moreover, she did not contest either written warning when issued to her. (*Matthew Tr. 239:4-7; 350:18-22; 356:23-25*).

Second, Plaintiff now takes issue with her performance review – despite the fact that she did not contest it at the time it was issued in 2013. (*Wolf Tr. 415:1-8; Ex. J*).[7] Plaintiff does not challenge the issues identified in the performance review. Instead, she argues that at the time the review was issued she was a "trainee" and that she should have been evaluated as "Too New To Be Determined," a rating that does not exist. (Pl. Opp. at ¶ 36). Plaintiff's claim that she was a "trainee" at the time that she was evaluated is simply false; she testified at trial that she had completed training and became a Branch Manager in May 2012 – *nine months before she received the performance evaluation. (Matthew Tr. 63:18*). Chase did not discriminate against her by using the same rating and evaluation system it applied to all other branch managers.

Third, Plaintiff cannot disavow responsibility for the operational issues that led to her branch's placement on Early Warning, nor for the significant operational issues uncovered by Leandra Parbhoo thereafter. As Plaintiff acknowledged, she bore ultimate responsibility as Branch Manager (*Matthew Tr. 267:13-22*). She does not contest the operational issues – "**I am the first to admit that I was not as strong operationally as I was in sales,**" (Pl. Opp. ¶ 37) (emphasis added) – and she recognized that neither being placed on Early Warning, nor the reports and evaluations by Parbhoo, were motivated by discrimination. (*Matthew Tr. 357:1-9*). Her

---

Plaintiff seeks to challenge the July Written Warning for the first time now, *seven years after it was issued*, she is well beyond the statute of limitations.

[7] This directly contradicts Plaintiff's claim in Paragraph 1 of her opposition that her "performance always met or exceeded the Company's expectations." (Pl. Opp. at ¶ 1). Moreover, the fact that Plaintiff was promoted at Chase demonstrates clearly that it did *not* discriminate against her based on any protected characteristic.

claims that she eventually "corrected" the ongoing violations Parbhoo uncovered are contradicted by the record evidence and – even if true –were too little, too late.  (Pl. Opp. at ¶ 37) (*Wolf Tr. 411:17–412:4, 432:11-15, 433:17-21;* Exs. K, M, N, O).  Also objectively false is any claim that Plaintiff's employees were disgruntled for any reason other than her lack of leadership and support. (*Wolf Tr. 436:12-25; 437:1-25; 438:1-12*).

In sum, Plaintiff is unable to rebut *any* of Chase's legitimate non-discriminatory and non-retaliatory reasons for her discharge.  Her mere disagreement with Chase's procedures, which are aimed at complying with financial regulations, is insufficient to demonstrate that her termination was unlawful.  As such, her claims of discrimination and retaliation fail as a matter of law.

## CONCLUSION

For all the foregoing reasons, as well as those in its opening brief, Chase respectfully requests that its motion be granted in full, with prejudice.

Dated: New York, New York
      August 2, 2019

                        EPSTEIN BECKER & GREEN, P.C.

                        By:    */s/ Jeremy M. Brown*
                              Jeremy M. Brown
                              Shira M. Blank
                        250 Park Avenue
                        New York, New York  10177-1211
                        (212) 351-4500
                        *Attorneys for Defendant*